**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN W. TREGO,**

    **Petitioner,**

    v.                               **CASE NO. 2:05-cv-1033**

                                          **JUDGE WATSON**

**JAMES ERWIN, Warden,**

    **Respondent.**                   **MAGISTRATE JUDGE KEMP**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This action is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### I.  FACTS and PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On August 22, 2003, the Ross County Grand Jury returned an indictment charging appellant with one count of burglary in violation of [R.C.] 2911.12 and one count of breaking and entering in violation of R.C. 2911.13.[FN1] On January 22 and 23, 2004, the trial court conducted a jury trial to consider the charges.
>
> FN1. At the conclusion of the trial, the jury found appellant not guilty of count two which relates to the breaking and entering charge. The prosecution points out that the two counts of the indictment concerned two separate and distinct incidents that occurred on two separate dates. Obviously, the charge set forth in count two of the indictment is not involved in the instant appeal.

At trial, Lex E. Hawk, Jr. testified that on August 6, 2003 at approximately 11:00 p.m. he returned from his parents [sic] home to his home on Sullivan Road. Hawk observed a vehicle on Sullivan Road traveling five to ten miles per hour. The vehicle had an open trunk lid.

Subsequently, Hawk observed the vehicle stop at James Withrow's residence. Withrow rented a house approximately one hundred twenty yards from Hawk's residence. Hawk drove his truck to the Withrow residence and parked in the driveway. Hawk then heard "banging" in the garage. Hawk returned to his vehicle and honked his horn. Soon, the vehicle in question left Withrow's residence and Hawk followed. After two miles and at the point where Sullivan Road intersects with Trego Creek Road, Hawk observed the vehicle leave the roadway, go over an embankment and come to rest in a field. Hawk directed his bright beam headlights on the vehicle and then walked to a neighbor's home to call 911.

After Hawk returned to the scene, he testified that he observed the appellant, from a distance of approximately thirty feet and under the glare of the headlights, for three or four minutes as the suspect attempted to restart the damaged vehicle. Unsuccessful in this endeavor, the suspect then exited the vehicle, looked directly at Hawk and ran to the nearby words [sic].

Hawk also testified that he subsequently identified the appellant in a photograph identification line-up. Hawk noted that during his attempt to identify the appellant's picture from the six photograph line-up, he placed paper over a portion of the subjects' heads in order to mimic the actual suspect's blue bandanna worn on the evening in question.

Other witnesses testified at trial including, inter alia, Ross County Sheriff's Deputy Mont Steele, BCI & I Agent William Hatfield, Chillicothe Police Department Officer Charles Campbell, and forensic scientist Robin Roggenbeck. Steele investigated the accident scene. Hatfield and Roggenbeck noted that a large number of fingerprints were extracted from the vehicle and the items contained in the vehicle, but only two prints from the vehicle's exterior matched the appellant's fingerprints. Campbell testified that he has known the appellant for approximately six years and that on August 6, 2003 at approximately 7:00 p.m., he observed the appellant driving a dark blue Chrysler Fifth Avenue vehicle that looked similar to the

>Chrysler Fifth Avenue that the suspect drove on Sullivan Road and wrecked near Trego Creek Road.
>
>After hearing the evidence and counsels' arguments, the jury returned a guilty verdict with respect to the burglary charge.

Exhibit 7 to Return of Writ. The trial court sentenced petitioner to four years incarceration, such sentence to be served consecutively to a sentence that he was serving parole on at that time. Exhibit 3 to Return of Writ. Represented by new counsel, petitioner filed a timely appeal. He asserted the following assignment of error:

>The verdict of the jury was against the manifest weight of the evidence.

Exhibit 4 to Return of Writ. On September 30, 2004, the state appellate court affirmed the judgment of the trial court. Exhibit 7 to Return of Writ. Petitioner never filed a timely appeal of the appellate court's decision to the Ohio Supreme Court; however, on July 7, 2005, he filed a *pro se* motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a). Exhibit 8 to Return of Writ. On September 7, 2005, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal. Exhibit 9 to Return of Writ. Meanwhile, on November 4, 2004, petitioner filed a *pro se* application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). Petitioner asserted that he was denied the effective assistance of counsel due to his attorney's failure to raise on appeal an issue regarding improper in-court identification. Exhibit 10 to Return of Writ. On December 27, 2004, the appellate court denied petitioner's 26(B) application. Exhibit 11 to Return of Writ. Petitioner apparently never filed an appeal of the appellate court's decision to the Ohio Supreme Court.

>On November 15, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of right to effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution.
>
> Counsel failed to effectively present the totality of constitutional questions in briefing this cause. Counsel ignored obvious and significant issues... depriving appella[nt] of the right to have violations of his federal rights presented for appellate review.
>
> 2. Petitioner was deprived of his constitutional right to due process and equal protection under the law as guaranteed by the Fourteenth Amendment.
>
> Identification of the suspect was not of the petitioner, witness testimony, stated that he did not know the suspect and he only seen [sic] him for a few seconds through the glare of his pick up headlights and that the suspect was wearing a bandanna on his head and then stated he had black hair which the petitioner does not[.] No fingerprints matched ... any items recovered, or inside of the car. The evidence presented could not place the petitioner at the scene of the crime.

It is the position of the respondent that both of petitioner's claims are procedurally defaulted.

## II. PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per*

*curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts that he was denied the effective assistance of appellate counsel. Petitioner appears to have raised this same claim in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B); however, petitioner failed to file a timely appeal of the appellate court's decision denying his 26(B) application to the Ohio Supreme Court. Further, he

5

may now no longer do so, as Ohio does not permit delayed appeals in post conviction proceedings. Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(b).  Petitioner's ineffective assistance of appellate counsel claim therefore is barred due to his failure to present such claim to the Ohio Supreme Court. The state courts were never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been satisfied as to claim one.

The Court must decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claim. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring claim one constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time limitation for filing appeals in 26(B) proceedings serves the state's interests in finality and in ensuring that claims are adjudicated at the earliest opportunity. Petitioner has waived his right to present claim one for federal habeas corpus review.

Similarly, in claim two, petitioner asserts that his conviction was against the manifest weight of the evidence or that the evidence was constitutionally insufficient to sustain his conviction. Assuming that such claims were properly raised on direct appeal, nonetheless, petitioner failed to file a timely appeal of the appellate court's decision, and the Ohio Supreme Court summarily denied his motion for delayed appeal. The United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's denial of a motion for delayed appeal under these circumstances constitutes an adequate and independent state ground to preclude federal habeas corpus review.

*Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004):

> This case turns upon whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does. The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits....
>
> We therefore conclude that Bonilla's grounds for relief have been procedurally defaulted. *See Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir.2000). Bonilla failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of Ohio Sup.Ct. R. II, Section 2(A)(4). Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar. *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir.1996).

*Id.* This Court therefore likewise concludes that petitioner has procedurally defaulted claim two.

Petitioner can still secure review of his claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to establish cause for his procedural default of claims one and two.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333s. After review of the record, the Court does not deem this to be such a case.

### III.

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge
```

9