IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kevin W. Trego,

    Petitioner,

v.                                    Case No. 2:05cv1033

James Erwin, Warden,            Judge Michael H. Watson

    Respondent.

## OPINION AND ORDER

On August 10, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. On August 28, 2006, petitioner filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 12.

As discussed in the Magistrate Judge's *Report and Recommendation*, in claim one, petitioner asserts the ineffective assistance of appellate counsel. Petitioner presented such claim in an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B); however, he failed to file an appeal of the appellate court's denial of his 26(B) application to the Ohio Supreme Court. In claim two, petitioner asserts that his conviction was against the manifest weight of the evidence or that the evidence was constitutionally insufficient to sustain his conviction. Petitioner presented such claim on direct appeal; however, he failed to file a timely appeal of the appellate court's decision denying such claim to the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for delayed appeal. The Magistrate Judge therefore recommended that petitioner's claims be dismissed as procedurally defaulted.

Petitioner now asserts as cause for his procedural default of claim two that he was not timely notified of the appellate court's decision denying his appeal because the clerk sent notice of the denial of his appeal to appellate counsel and to the prosecutor, but not to petitioner. Petitioner also asserts as cause for his procedural defaults, his *pro se* status, inadequate prison law library facilities, and inability to obtain legal assistance. Petitioner states that the law library was closed for three weeks, during an unidentified period of time. *See Petitioner's Objections*.

"[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001), citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999)(internal citation omitted).

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis in original).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). Petitioner may, for example, establish cause where he gives papers to prison authorities five days prior to the filing deadline, but prison authorities fail to promptly deliver the papers, and petitioner's filing is denied by the state court as one day late. *Maples v. Stegall, supra,* 340 F.3d at 438-439. Petitioner's *pro se* status, his "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004), citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995).

Petitioner has failed to establish cause for his procedural defaults. Petitioner was not entitled to counsel on appeal to the Ohio Supreme Court, and therefore any lack of legal assistance from prison officials does not constitute cause. *See, e.g., Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003), citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Smith v. Ohio Department of Rehabilitation and Correction*, 331 F.Supp.2d 605, 618 (N.D. Ohio 2004)(counsel's failure to provide timely notification of appellate court's decision does not constitute cause for untimely appeal to Ohio Supreme Court). Further, nothing in the record supports petitioner's allegation that the prison law library was inadequate or that he was unable to file a timely appeal because the law library was closed for three weeks during an unspecified time period.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to. For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                         Michael H. Watson, Judge
                                                         United States District Court